UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI AND RICHARD SUTCLIFFE,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. C-11-06595 JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION BY DEFENDANT WELLS FARGO BANK, N.A. TO STRIKE OR, IN THE ALTERNATIVE, TO REQUIRE PLAINTIFFS TO MODIFY THE PUTATIVE CLASS DEFINITION SET FORTH IN PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT [Docket No. 49]** |

## I. INTRODUCTION

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") brings a Motion to Strike, or in the Alternative, to Require Plaintiffs to Modify the Putative Class Definition Set Forth in Plaintiffs' First Amended Complaint ("the Motion"). The Court finds that the Motion is suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b). Accordingly, the motion hearing that was specially set for Thursday, October 16 at 1:30 p.m. is vacated. The Case Management Conference set for the same date and time shall remain on calendar.

## II. BACKGROUND

Plaintiffs filed this action on behalf of a putative class, alleging that Wells Fargo engages in "fraudulent, unfair and unconscionable debt collection practices" whereby it induces borrowers facing foreclosure to enter into a trial loan modification plan ("Trial Plan") with the promise of a permanent loan modification when, in fact, it has no intention of offering such a modification and instead, is merely seeking to collect additional loan payments. First Amended Complaint

("FAC"), ¶ 1. Plaintiffs further allege that Wells Fargo ultimately refuses to modify most of these borrowers' loans and that even those borrowers who are eventually offered a permanent modification suffer financial and emotional harm due to the long period of time in which Wells Fargo continues to collect payments under the Trial Plan after the initial trial period has passed, including the negative impact on their credit score. FAC ¶ 5.

The original complaint in this action was filed on December 21, 2011 by Plaintiffs Vicki and Richard Sutcliffe, who alleged that Wells Fargo had offered them a Trial Plan, that they complied with its terms, and that they had continued to make payments under the Trial Plan for months but had never rececived a loan modification. The Sutcliffs, as representatives of a putative class, asserted claims for violation of California's Unfair Competition Law ("UCL"), breach of contract, breach of implied covenant of good faith and fair dealing, and rescission and restitution.

Wells Fargo brought a motion to dismiss on February 17, 2012. In its reply brief on that motion, Wells Fargo informed the Court that the Sutcliffes had recently been offered, and had accepted, a permanent loan modification. The Court granted in part and denied in part Wells Fargo's motion to dismiss in an order issued on May 9, 2012 ("the May 9 Order"). The Court dismissed the UCL claim to the extent it was based on the Fair Debt Collection Practices Act, dismissed the rescission/ restitution claim, and dismissed the breach of contract claim on the basis that Plaintiffs failed to allege cognizable damages. May 9 Order at 31. It permitted Plaintiffs to amend the complaint to allege, if they could, damages arising out of the alleged breach of contract. *Id*. The Court also stated that no further amendment would be permitted. *Id*.

On June 8, 2012, Plaintiffs filed their First Amended Complaint. In it, Plaintiffs added a class representative, Michael Enneking, who allegedly was offered a Trial Plan and complied with its terms but – after making payments under the plan for months – was ultimately denied a

permanent modification. FAC ¶¶ 58-91. In the First Amended Complaint, Plaintiffs assert claims for violation of California's UCL, breach of contract and breach of the implied covenant of good faith and fair dealing.

The Class definition in the First Amended Complaint is virtually identical to the one contained in the original complaint and states as follows:

> Plaintiffs bring this action as a class action on behalf of all homeowners nationwide who received a trial loan modification proposal substantially similar to the Trial Plan from any of the Defendants; made the payments set forth in the proposal; provided true information with respect to all representations required by the proposal; and were either (a) denied a permanent loan modification; (b) offered an illusory "modification" on terms substantially similar to their unmodified loan; and/or (c) who received, entered into, and complied with the above described Forbearance Plans from Wells Fargo, consisting of the Offer Letter and Agreement, in substantially the same form(s) presented to Plaintiffs.

FAC, ¶ 94.

In the Motion, Wells Fargo asks the Court to strike the class definition pursuant to Rule 23(d)(1)(D) of the Federal Rules of Civil Procedure or order its modification prior to the commencement of discovery, arguing that the class definition is deficient in three respects. Motion at 1-2. First, Wells Fargo contends that a case-by-case analysis of each borrower's loan records will be necessary to determine if the borrower has met the requirement that class members must have "provided true information with respect to all representations" required by the Trial Plan. *Id.* at 7-8. Because it is not administratively feasible for the court to determine whether borrowers have provided true information, the class is not ascertainable and cannot be maintained, Wells Fargo asserts. *Id*. at 8 (citing *Lukovsky v. City and Council of San Francisco*, 2006 WL 140574, at *2 (N.D. Cal. Jan. 17, 2006)).

Second, to the extent that the class includes a subclass of borrowers who were offered an "illusory 'modification' on terms substantially similar to their unmodified loan" (subsection b of the class definition in paragraph 94), Wells Fargo argues that the name plaintiffs do not have

3

standing to assert claims on behalf of such borrowers because neither the Sutcliffes nor Mr. Enneking alleges that Wells Fargo offered them an illusory modification. *Id*. at 8-10 (citing *Sosna v. Iowa*, 419 U.S. 393, 403 (1975); *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n. 20 (1976)).

Third, Wells Fargo argues that the definition is overbroad to the extent it includes borrowers "who received, entered into, and complied with the above described Forbearance Plans from Wells Fargo, consisting of the Offer Letter and Agreement, in substantially the same form(s) presented to Plaintiffs" (subsection c of the class definition). Motion at 10-11. According to Wells Fargo, this sub-class sweeps into the class definition "innumerable borrowers that have not been subjected to any of the purported misconduct alleged in the [First Amended Complaint] and, most important, have not sustained any injury." *Id*. at 10. Courts facing similar class definitions have granted motions to strike, Wells Fargo contends, citing *Hovsepian v. Apple, Inc.*, 2009 WL 5069144 (N.D. Cal. 2009) and *Tietsworth v. Sears*, 720 F. Supp. 2d 1123 (N.D. Cal. 2010).[1]

In their opposition brief, Plaintiffs argue that the Motion is premature because discovery has not yet been conducted and Plaintiffs have not yet brought a motion for class certification. Opposition at 5. Because the class definition is so closely tied to the factual and legal issues that are addressed in the context of class certification, Plaintiffs assert, courts are generally reluctant to strike class definitions at the pleading stage of the case. *Id*. at 5-8. Even if the Court decides that it is appropriate to reach the merits, Plaintiffs argue, the class definition in the First Amended Complaint is sufficient. *Id*. at 9-16. In particular, Plaintiffs contend that the class definition is

---

[1] Wells Fargo has also filed a request for judicial notice in support of the Motion requesting that the Court take judicial notice of certain documents that were referenced in the FAC in connection with class representative Michael Enneking. *See* Docket No. 50 (citing F.R. Evid. 201(d)). Plaintiffs do not oppose the request, which is GRANTED.

4

readily ascertainable and that the name plaintiffs have standing to represent the putative class as it is currently defined. *Id*.

As to the question of whether class membership is sufficiently ascertainable, Plaintiffs contend that the class is "adequately defined and clearly ascertainable" because the provision of truthful information is one of the explicit requirements of the Trial Plan that must be signed by the borrower. *Id*. at 11 (citing FAC ¶ 94). The Trial Plan also puts the burden on the lender to determine if any representations are untrue. *Id*. Therefore, Plaintiffs assert, class membership can be ascertained by reviewing Wells Fargo's business records to determine whether borrowers returned signed Trial Plan documents. *Id*. This method is feasible, Plaintiffs assert, even if it may impose some burden on Wells Fargo. *Id*. n. 3 (citing *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 267 F.R.D. 583, 592 (N.D. Cal. 2010)).[2]

With respect to standing, Plaintiffs reject Wells Fargo's characterization of their class definition as including sub-classes. Opposition at 10. Instead, Plaintiffs assert, their class definition defines a "single class of individuals who received a Trial Plan and complied with its terms but were not offered a permanent loan modification, thus constituting a breach of Wells's obligations." *Id*. (citing FAC ¶ 94). As to the alleged illusory modification, referred to in subsection b of the class definition, Plaintiffs note that the First Amended Complaint includes allegations that Wells Fargo did, in fact, extend a forebearance offer that required the Sutcliffes to make payments that were equal to their full mortgage payments and were significantly higher than the payments required under the Trial Plan. *Id*. (citing FAC ¶¶ 40, 44, 58, 61-63, 80). In any event, Plaintiffs assert, there is no standing problem arising out of this aspect of the class

---

[2] Plaintiffs also suggest that they may not seek to certify "a class defined precisely in this manner." *See id*. at 10-11.

5

definition because Plaintifs are not alleging a separate class seeking recovery for illusory loan modifications. *Id*. at 13.

Plaintiffs also rejects Wells Fargo's assertion that the Court should strike the class definition because it includes a subclass who merely received the Trial Plan and may not have suffered any injury, referred to in subsection c. *Id.* at 14. According to Plaintiffs, when the class definition is read in light of Paragraph 94 of the First Amended Complaint, it is clear that "[e]very person in the class definition received and complied with the Trial Plan and yet did not receive a permanent modification from Wells." *Id*.

Finally, Plaintiffs request that the Court allow it to amend the class definition if the Court finds that it is deficient. *Id*. at 16.

In its reply brief, Wells Fargo contends that Plaintiffs have implicitly admitted that the class definition was deficient and have abandoned the subclasses referred to in subsections b and c of the class definition. Reply at 1. Accordingly, Wells Fargo asserts, the Court should strike those subclasses from the class definition in paragraph 94 of the First Amended Complaint. *Id*. Wells Fargo further asserts that the Motion was not premature because Plaintiffs' class definition, as drafted in the First Amended Complaint, would have permitted "seemingly boundless discovery." *Id*. at 2. In addition, "[w]ere it not for Plaintiffs' clarification of the class definition via their Opposition to this Motion," Wells Fargo argues, "the parties may have been subjected to an unnecessarily confusing discovery process – untethered to the claims pled and the actual class asserted." *Id*. Therefore, a motion to strike was justified in order to preserve time and resources, Wells Fargo asserts. *Id*. (citing *Stearns v. Select Comfort Retail Corp*., 2009 WL 4723366, at *14 (N.D. Cal. Dec. 4, 2009)). Finally, Wells Fargo continues to maintain that the class is not ascertainable because of the requirement in subsection a of the class definition that borrowers must have provided truthful information but drops its request that the Court strike this subsection

6

in light of "Plaintiff's concession that subsections (b) and (c) are not properly part of the class definition." *Id*. Rather, Wells Fargo intends to raise this issue at the class certification stage of the case.

### III. ANALYSIS

#### A. Legal Standard

Rule 23 of the Federal Rules of Civil Procedure sets forth the prerequisites for maintaining a class action and requires that the court must, at "[a]n early practicable time" "determine by order whether to certify the action as a class action." Fed.R. Civ. P. 23(a), (b), (c). Further, pursuant to Rule 23(d)(1)(D), the district court may issue orders in a class action that "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." District courts have broad discretion to control the class certification process, including whether to permit discovery in connection with class certification. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). Similarly, the district court has broad discretion as to *when* to address whether a class should be certified and the adequacy of a class definition. As the Ninth Circuit stated in *Vinole*, "[o]ur cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted." *Id*. As a result, district courts rarely strike class allegations at the pleading stage. *See In re Wal-Mart Stores, Inc. Wage and Hour Litigation*,505 F.Supp.2d 609, 615 (N.D.Cal., May 29, 2007) ("while there is little authority on this issue within the Ninth Circuit, decisions from courts in other jurisdictions have made clear that dismissal of class allegations at the pleading stage should be done rarely and that the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery"). Nonetheless, where is is apparent from the pleadings that a class cannot be maintained, districts courts may strike class allegations prior to discovery. *See Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at * 2 (N.D. Cal. Dec. 17, 2009).

**B. Whether the Court Should Strike Subsections (b) and (c) of the Class Definition**

While it is rarely appropriate to strike class allegations prior to discovery, Plaintiffs have conceded that they are not seeking to certify a separate class seeking recovery for illusory loan modifications. Nor do Plaintiffs seek to certify a class of borrowers based solely on the fact that they received, entered into and complied with a forebearance plan like the one offered to Plaintiffs. Rather, Plaintiffs have stipulated that class members also must not have been offered a permanent modification after complying with the forebearance plan. Wells Fargo, in turn, concedes that with these concessions, the standing problems it raised in the Motion are adequately addressed. Because the class definition, as currently stated in the First Amended Complaint, does not reflect Plaintiffs' concessions but instead suggests that Plaintiffs are seeking to certify a class that is significantly broader, the Court GRANTS the Motion as to subsections (b) and (c) of paragraph 94.

**C. Ascertainability of the Class**

Wells Fargo has agreed to defer the question of whether the class is ascertainable until class certification. Accordingly, the Motion is DENIED without prejudice as to that question.

**IV. CONCLUSION**

The Motion is GRANTED in part and DENIED in part as stated above. The Court strikes subsections (b) and (c) of Paragraph 94 of Plaintiffs' First Amended Complaint.

Date: October 9, 2012

Joseph C. Spero
United States Magistrate Judge